IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–00541–MDB

LORELLE THOMPSON,

    Plaintiff,

v.

FORD MOTOR COMPANY, a Delaware company,

    Defendant.

## ORDER

    This matter comes before the Court in connection with arguments made during the recent April 5, 2024, Trial Preparation Conference ("TPC"). At the Court's request, the Parties supplemented their arguments, in writing. (Doc. Nos. 262, 263.) The Court presumes familiarity with the facts of this case, a summary of which can be found in recent orders. (*See, e.g.*, Doc. No. 228).

    Plaintiff seeks to admit testimony from the deposition and trial testimony of Fredrick King. (["King Designations"], Doc. No. 241 at 56-61.) Mr. King is not a witness or expert in this case. However, he was a witness in a different case involving the same Defendant, *Beene v. Ford Motor Co.,* 513 F. App'x 755, 756 (10th Cir. 2013). Specifically, "Mr. King testified in deposition in *Beene* as Ford's Federal Rule of Civil Procedure 30(b)(6) representative[.]" (Doc. No. 262 at 2.) As noted above, the proposed King Designations include both deposition *and* trial testimony from *Beene.*

**Brief Background**

*Beene* is one of several allegedly similar incidents.[1] Moreover, the issues surrounding *Beene* and other similar incidents ("OSI"), are not new to this Court. During discovery, the parties argued over the relevance of the OSIs, including *Beene*. Additionally, in Defendant's Motions in Limine 1 and 2, Defendant sought to preclude Plaintiff from "offering any evidence or argument regarding other lawsuits, customer complaints, and other alleged incidents," and from referencing "other litigation." (*See generally* Doc. Nos. 186, 187). The Court granted in part and denied in part those motions. (Doc. No. 219 at 6-7; Doc. No. 230.) But during the TPC, the OSIs—including *Beene*—were once again the subject of dispute. This time, the dispute concerned the King Designations, and Plaintiff's chart summarizing certain OSIs.

As trial approaches, the Court has been able to better anticipate the issues likely to arise at trial. Thus, it takes this opportunity to summarize its view on *Beene* and all other OSIs, and to clarify the constraints that will and will not apply at trial.

**The Law Concerning Similar Incidents**

The Tenth Circuit has observed that "federal law permits introduction of substantially similar accidents to show notice, the potential existence of a defect, or to refute defense witness testimony." *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1240 (10th Cir. 2005) (citing *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1440 (10th Cir.1992)). Indeed, "[i]n a product liability action, the occurrence of similar accidents or failures involving the same product holds great relevance, since evidence of such failures tends to make the existence of a

---

[1] *See generally* Doc. No. 186 (*Defendant Ford Motor Company's Motion in Limine No. 1 to Preclude Evidence Concerning Alleged Other Similar Incidents*, in which Defendant discusses *Beene* as one of several OSIs that Plaintiff seeks to reference during trial.).)

defect more probable than it would be without the evidence." *C.A. Assocs. v. Dow Chem. Co.*, 918 F.2d 1485, 1489 (10th Cir. 1990). To satisfy the substantial similarity standard, the incidents "need only be substantially similar," and "not exactly the same." *Wheeler v. John Deere Co.*, 862 F.2d 1404, 1408 (10th Cir. 1988). "Any differences in the accidents not affecting a finding of substantial similarity go to the weight of the evidence." *Four Corners Helicopters, Inc.,* 979 F.2d at 1440. In other words, "[t]he substantial similarity rule does not require identical products; nor does it require [a court] to compare the products in their entireties. The rule requires substantial similarity among the variables relevant to the plaintiff's theory of defect." *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1248 (10th Cir. 2000).

Moreover, and as Defendant has admitted, "when the evidence of other accidents is submitted to prove notice or awareness of the potential defect," the substantial similarity standard is "relaxed." (Doc. No. 186 at 4 (quoting *U.S. Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft, LTD*, 582 F.3d 1131, 1148 (10th Cir. 2009)); *see also In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1191 (10th Cir. 2009) ("'The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate *notice* or awareness of a *potential* defect.'" (emphasis added) (citations omitted)).

### The Incident in *Beene*

*Beene* satisfies the substantial similarity standard. In *Beene*, plaintiff Timothy Beene "was injured when a parked Ford Expedition rolled down an incline and struck him." *Beene*, 513 F. App'x at 756. Mr. Beene sued Ford alleging strict liability and failure to warn. *Id.* The most contested issue in *Beene*—like the most contested issue here—was what caused the vehicle to move. *Id.* Indeed, "[t]he focus of the dispute [during the *Beene*] trial was whether [someone] had

3

moved the gear shift lever to the neutral position or….[whether]… [someone] had tried—but inadvertently had failed—to move the gear shift lever all the way to the park position," because "it was possible for the gear shift lever to stop in a position between reverse and park, and in that position the vehicle was effectively in neutral." *Id.* In *Beene*, "[p]laintiff's witnesses referred to this as 'hydraulic neutral.'" *Id.* And that "was the basis for [p]laintiff's product-liability claim." *Id.* Moreover, just like in this case, one of the component parts at issue in *Beene* was the shift tube bushing that "could eventually move out of place." *Beene v. Ford Motor Co.*, 2012 WL 122816 at *2 (D. Colo. Jan. 13, 2012), *aff'd,* 513 F. App'x 755 (10th Cir. 2013). Said another way, the unintended vehicle movement, the potential cause, and the component parts that were alleged to be the culprit in *Beene*, are precisely what is at issue in this case.

Defendant has argued a few differences between this case and *Beene*, but when pressed, Defendant seems to stand on one particular distinction: this case concerns an alleged "self-shifting" to "powered reverse," while *Beene* concerned whether or not the vehicle was left in an intermediate neutral position. (*See, e.g.*, Doc. No. 225 at 66-69 (where Defendant highlighted the self-shifting versus neutral argument, the Court rejected it but invited Defendant to argue other differences, and Defendant declined noting only the FRE 403 issues.).) (*See also* Doc. No. 186 at 6 (where Defendant argued the most important difference is that "the alleged mechanism of vehicle movement was totally different.").) However, this distinction goes to the weight of the evidence, not its admissibility. If the standard was, "exactly the same" perhaps Defendant could persuasively argue the differences preclude admissibility. But of course, that is not the standard. This case and *Beene* both involve a Ford Expedition, one year apart in date of manufacture, and unintended vehicle movement that was allegedly caused by a problem with the shifting

4

mechanism. The substantial similarity standard is satisfied, and Defendant can address any remaining differences at trial.

However, the analysis does not end there. As the Court noted during the TPC and prior conferences, the Court is mindful of the potential for prejudice and jury confusion and will therefore limit Plaintiff's ability to reference *Beene*. (*See e.g.*, Doc. No. 219 at 6 (where the Court noted references to *Beene* would need to be carefully monitored and likely addressed on a question-by-question basis at trial.).) Additionally, during the TPC, the Court noted time constraints for trial, and expressed concern over the time it would take to resolve these issues on a question-by-question basis. Responding to the Court's concerns, Plaintiff agreed to reference only the *Beene incident*, rather than the *Beene litigation*. The Court so ordered, and then further ordered Plaintiff not to refer to it by name.

Thus, any reference to *Beene,* will be a refence only to the incident as an OSI, not the litigation. The Court will not allow Plaintiff to reference the outcome or even the existence of the *Beene* litigation*,* nor will it allow Plaintiff to introduce evidence or make remarks that may cause the jury to believe there was litigation associated with the *Beene* incident. This is because evidence of a prior litigation can distract a jury from the particular facts and circumstances of *this* case and ultimately cause confusion. This limitation shall also apply to Plaintiff's experts, who can reference the *Beene* OSI, but not by name, and not in a way that will reveal or suggest the existence of litigation surrounding the *Beene* OSI. To the extent this Order conflicts with any prior order concerning *Beene*, this Order supersedes.

## Other Similar Incidents

Plaintiff also seeks to introduce OSIs in the form of customer complaints about unintended vehicle movement. As to 11 of those OSIs, Plaintiff walked through each of them with Mr. Fyie to establish the product was substantially similar (same make and model of the vehicle) and the allegations were substantially similar (unintended vehicle movement based on unintended shifting). (*See generally* Doc. No. 219 at 7.) The Court acknowledges Defendant's concerns that customer complaints are akin to allegations and ultimately could be unsubstantiated or unfounded. However, because Plaintiff specifically discussed these OSIs with Mr. Fyie during his deposition, Defendant has been on notice of the issues and can address any concerns through cross-examination and otherwise at trial. In other words, the fact that these are merely complaints or allegations rather than substantiated complaints, goes to the weight of the evidence, not its admissibility.[2]

In addition to the 11 OSIs discussed above, Plaintiff sought to admit a voluminous list of OSIs.[3] However, no witness has had an opportunity to discuss or test the substantial similarity of those additional OSIs. (*See generally* 219 at 6-7 (noting that upon review of the relevant materials, the Court found only general references to, and no meaningful discussion of, the additional OSIs).) Thus, the Court precluded any discussion of them during trial. (*Id.*) As an alternative to discussing these additional OSIs at trial, Plaintiff prepared a proposed chart listing almost 50 OSIs that would purportedly be offered only for the limited purpose of demonstrating notice. If that is the case, then the substantial similarity standard is relaxed. *See In re Cooper Tire*

---

[2] Still, Plaintiff has an obligation to lay a foundation for the OSI documents as a business records exception to hearsay, and overcome any other trial objections at the time of offering the exhibits at trial.

[3] Plaintiff indicated the OSIs numbered in the hundreds. (Doc. No. 225 at 70:10-20.)

*& Rubber Co.*, 568 F.3d at 1191 ("'The requirement of substantial similarity is relaxed, however, when the evidence of other incidents is used to demonstrate notice or awareness of a potential defect.'"). During the TPC, the Court found that under this more relaxed standard, Plaintiff may be able to introduce evidence of *some* additional OSIs, but only those listed in the proposed chart that pre-date the manufacture of the vehicle in question, and that concern the same make and model: Ford Expeditions.[4]

### The King Designations

Upon review of the Parties' arguments on this issue, the Court finds the King Designations *may* contain relevant evidence that *may* be offered in a way that avoids prejudice and jury confusion.[5] The Court explains its conclusion, below.

*The Parties' Arguments re: the King Designations*

Defendant argues Mr. King's testimony would confuse the jury because "[t]here is no sensible way to lay a foundation for the jury about who Mr. King is and why he offered testimony previously" in a way that does not violate the Court's orders to reference only the Beene *incident*, rather than a *litigation*. (Doc. No. 262 at 4.) Defendant also argues the testimony will "be needlessly cumulative as it addresses the same issues that Mr. Fyie can address in this

---

[4] Like with the 11 OSIs, Plaintiff is not relieved of her obligation to lay a foundation for the OSI documents as a business records exception to hearsay. Additionally, Plaintiff will need to lay a proper foundation for the FRE 1006 chart. And finally, because Plaintiff's experts did not disclose an opinion on any individual OSI (outside the 11 referenced above and the *Beene* OSI), Plaintiff will not be allowed to offer this evidence through her experts.

[5] For example, because the Court will not allow Plaintiff to refer to the *Beene* OSI by name, certain King Designations could be read to the jury without necessarily linking the testimony to any particular OSI discussed during trial.

7

trial[6] and which Plaintiff's experts plan to address[.]" (*Id.* (quoting *Hill v. J.B. Hunt Transp., Inc.*, 815 F.3d 651, 666 (10th Cir. 2016)).) Defendant also challenges specific portions of the King Designations as violative of the Court's prior rulings. (*Id.* at 5.)

In addition to those general arguments, Defendant contends Mr. King's *trial* testimony is inadmissible hearsay.[7] (*Id.* at 2.) Defendant argues that to be an opposing party's statement under FRE 801(d)(2)(D), Mr. King would have had to offer "his trial testimony as Ford's 'agent or employee on a matter within the scope of that relationship and *while it existed*.'" (*Id.*) But at the time of the trial testimony, "Mr. King was retired from Ford and thus could not make statements that bound Ford[.]" (*Id.* (quoting *Blue Mt. Envt'l Mgmt. Corp. v.Chico Enters.*, No. 01-460, 2006 WL 3227784, at *1 (W.D. Pa. Nov. 2, 2006)).)

Plaintiff argues Mr. King's trial testimony is indeed an opposing party's statement under FRE 801(d)(2)(D) because Mr. King was identified as Ford's representative during trial. (Doc. No. 263 at 3-4.) Plaintiff further argues that Mr. King's retirement has no bearing on the analysis because Ford represented to the court and the jury that Mr. King was its corporate representative. (*Id.* at 4.) Plaintiff also argues that the "unauthorized" nature of trial testimony—as contrasted with deposition testimony—is of no consequence when a corporation expressly designates someone to testify on its behalf. (*Id.* at 1-3.) In support, Plaintiff offers the following excerpt from a Tenth Circuit decision:

---

[6] To this end, Defendant notes that "Plaintiff spent most of her deposition of Mr. Fyie [being deposed as Ford's Rule 30(b)(6) representative] asking him about Mr. King's testimony from *Beene*." (*Id.*) Thus, during trial, Plaintiff can simply elicit similar testimony "from Mr. Fyie and, if appropriate, can attempt to impeach Mr. Fyie with Mr. King's testimony[.]" (*Id.* at 4-5.)

[7] By contrast, Defendant appears to admit that Mr. King's *deposition* testimony is expressly permitted under F.R.C.P. 32, unless otherwise barred under FRE 403. (Doc. No. 262 at 2.)

8

> [Rule 801(d)(2)(D)] does not require that the principal authorize the specific statement made by the agent. . . . [T]he rule simply requires a statement made on a matter within the scope of the agency relationship. *See id.*; Fed. R. Evid. 801(d)(2)(D). And this requirement is met when the declarant makes the statement while performing his or her agency duties, even if the declarant may have lacked authorization to make the specific statement at issue . . .

(*Id.* at 2 (quoting *Cruz v. Farmers Ins. Exch.*, 42 F.4th 1205, 1213 (10th Cir. 2022).)

Plaintiff is correct. The "scope of relationship" language in FRE 801(d)(2)(D) does not mean the statements of a corporate representative need to be authorized. It simply requires a statement made while performing duties for the agency—in this case, Ford. During the *Beene* trial, Mr. King introduced himself as "Fred King, corporate representative." (Doc. No. 263-1 at 3, line 12.) And when the court introduced the parties to the jury, it described Ford as "represented by Mr. Fred King…the corporate representative." (*Id.* at 4, lines 21-23.) Additionally, in the context of eliciting trial testimony from Mr. King, plaintiff's counsel referred to Mr. King as Ford's corporate representative, and neither Ford nor Mr. King objected to that term or corrected counsel. (*See generally id.*) Thus, Mr. King's testimony is an opposing party's statement that should not be precluded as hearsay. Mr. King may have been retired at the time of trial, but Ford nevertheless asked him to be present—apparently at counsel table—as Ford's representative. (*See id.* at 3, lines 1-12; and 4, lines 21-23.)

Notwithstanding this determination, the King Designations (regardless of whether they are from deposition or trial) have the potential to be cumulative, prejudicial, and confusing to the jury. They can be particularly confusing if they are offered at the beginning of trial before any witness has had an opportunity to testify about the facts of *this* case. Additionally, the Court

9

agrees with Defendant that, "Federal Rule of Civil Procedure 43 expresses a preference for taking witness testimony in open court at trial. Fed. R. Civ. P. 43." (Doc. No. 262 at 4, fn. 1.)

Thus, the Court orders the following with respect to the King Designations: Plaintiff will address the topics covered by the King Designations with Mr. Fyie, first. Then, and only to the extent certain gaps remain, Plaintiff will be allowed to fill the gaps with non-cumulative King Designations that: (a) are admissible pursuant to FRE 402 and 403, (b) constitute opposing party statements that Plaintiff could not have otherwise secured from Mr. Fyie during this trial, (c) are not otherwise cumulative, and (d) are not violative of this Court's rulings. To make those determinations, the Court—at the appropriate time—will excuse the jurors, hear argument from the Parties, and make a determination on each designation as well as decide the most appropriate way for it to be introduced to the jury to avoid undue prejudice and confusion.[8]

Dated this 7th day of April, 2024.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

---

[8] This ruling does not preclude Plaintiff from using the King testimony for impeachment, and indeed Plaintiff seems to suggest that certain designations may be used precisely for that purpose. (*See* Doc. No. 263 5-6 (stating that, "[f]or example, while Mr. Fyie suggests that FMVSS sections apply to the components at issue in this case, Mr. King testified unequivocally that they did not. Similarly, while Mr. Fyie has insisted that the components at issue were maintenance items, Mr. King has testified that they are not.").) The Court notes that Defendant does not object to such use and indeed appears to contemplate it. *See* Doc. No. 262 at 4-5 ("Plaintiff intends to call Mr. Fyie adversely during her case in chief. She can elicit any non-hearsay testimony that Mr. King offered from Mr. Fyie and, if appropriate, can attempt to impeach Mr. Fyie with Mr. King's testimony (without running afoul of this Court's order on referencing Beene).").)